<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERNESTO RICO-LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI FORT DIX,<br><br>Respondent. | Civil Action No. 24-9186 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Ernesto Rico-Lopez's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prison's ("BOP") potential revocation of his Step Act ("FSA") time credits. (ECF No. 1.) Respondent filed letter requesting this matter be dismissed as moot. (ECF No. 4.) Petitioner filed a reply brief. (ECF No. 6.) Having reviewed the submissions filed in connection with the Petition, and for the reasons set forth below and for good cause having been shown, Petitioner's § 2241 Petition is **DISMISSED**.

**I.   BACKGROUND**

Petitioner is a federal prisoner confined in the Federal Correctional Institution Fort Dix, Fort Dix, New Jersey ("FCI Fort Dix"). (ECF No. 1 at 1.) On February 22, 2021, Petitioner was sentenced in the United States District Court, Eastern District of Texas to a term of one-hundred-and-thirty-five months' imprisonment. (ECF No. 4-1 at ¶ 4; ECF No. 4-2 at 2.) Petitioner's sentence was later reduced to one-hundred-and-eight months' imprisonment. (*Id.*) His projected release date from custody is May 10, 2026. (ECF No. 4-2 at 1-3.)

On September 13, 2024, Petitioner filed his Petition challenging the BOP's potential revocation of the credits he had earned under the FSA. (*See* ECF No. 1.) At the time Petitioner filed his Petition, he had been rendered eligible to earn credits under the FSA and had accrued a number of credits pursuant to the Act despite being subject to an immigration detainer. (*See* ECF No. 1 at 8; ECF No. 5 at 14-20.) Petitioner argues that he should be permitted to keep his earned time credits. (*Id.*) Petitioner therefore requests a preemptive order enjoining the BOP from removing credits from him should he receive a removal order. (*Id.* at 10.)

On December 16, 2024, Respondent filed a letter requesting dismissal of this matter as moot. (ECF No. 4.) In the letter request, Respondent argues that after Petitioner's filing of the instant Petition, the U.S. Immigration and Customs Enforcement ("ICE"), an agency within the Department of Homeland Security ("DHS"), issued a Notice and Order of Expedited Removal to remove Petitioner back to his native Colombia after he serves his prison sentence. (*Id.* at 1.) Respondent argues that based on his final order of removal, Petitioner is now ineligible to apply his earned time credits, and this matter is moot. (*Id.*) Petitioner filed a reply. (ECF No. 6.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. DECISION

In his current Petition, Petitioner seeks an order instructing the BOP to keep Petitioner's earned FSA credits because he does not have a final order of removal or deportation issued by an

2

immigration judge. (ECF No. 1 at 10.) The Court finds that Petitioner is now barred from applying his earned FSA credits based on his order of removal.

The FSA, enacted into law on December 21, 2018, directed the BOP to create recidivism-reduction programming and incentives for federal prisoners. 18 U.S.C. § 3632(a)-(d). Under the FSA, eligible inmates who successfully participate in recidivism-reduction programming earn time credits, which can be applied toward prerelease custody or early transfer to supervised release. 18 U.S.C. § 3632(d)(4)(A), 18 U.S.C. § 3624(g). The FSA, however, explicitly bars certain inmates from earning or applying FSA time credit. 18 U.S.C. § 3632(d)(4)(D)-(E).

An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation. See *id.* § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days' time credit per thirty (30) days' successful participation. See *id.* § 3632(d)(4)(A)(ii).

While the Act provides inmates who engage in recidivism-reduction training an opportunity to obtain credits to apply towards their early release, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). The statute thus bars any inmate who is subject to a final order of removal from receiving FSA credits or applying any previously earned credits towards early supervised release. *See, e.g., Deras-Lopez v. Thompson*, No. 25-156, 2025 WL 99638, at *2 (D.N.J. Jan. 15, 2025); *see also, e.g., Canchingre v. Cruz*, No. 23-20486, 2024 WL 2130697, at *1 (D.N.J. May 13, 2024). This includes any credits that had been "earned" prior to the issuance of a final order of removal.

*See Sanchez-Leyva v. Warden, FCI Ft. Dix*, No. 24-06118, 2024 WL 4249544, at *2 (D.N.J. Sept. 20, 2024) ("The [Act] thus bars any inmate who is subject to a final order of removal from . . . applying any previously earned credits towards early supervised release.")

Respondent has provided the Court with a copy of the DHS Notice and Order of Expedited Removal ("Removal Order"). (ECF No. 4-3.) According to the Removal Order, DHS determined that Petitioner was inadmissible because he was a citizen of Colombia, was "paroled into the United States on December 18, 2019, at or near McKinney, Texas, for the purpose of prosecution" and was "an immigrant not in possession of a valid unexpired immigrant visa . . . or other valid entry document . . . ." (*Id.*) DHS ordered Petitioner's expedited removal pursuant to § 235(b)(1) of the Immigration and Nationality Act (Immigration Act), 8 U.S.C. § 1225(b)(1). (*Id.*) Upon the issuance of that order, Petitioner became statutorily ineligible to apply any of his FSA credits towards his release, and the BOP's decision not to apply those credits or release Petitioner was thus mandated by the text of the statute itself.

Petitioner argues in his reply that he is not subject to a final order of removal because he has not had a hearing before an immigration judge. (ECF No. 6.) However, the definition of "final order" includes those orders defined as final by Title 8, chapter 12 and "all laws, conventions, and treaties of the United States relating to the immigration, exclusion, deportation, expulsion, or removal of aliens." 8 U.S.C. § 1101(a)(17). "[A] 'final order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'" *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (quoting 8 U.S.C. § 1101(a)(47)(A)). Here, DHS issued the Notice and Order of Expedited Removal. Immigration officers can issue expedited orders of removal "without further hearing or review . . . ." 8 U.S.C. § 1225(b)(1)(A)(i). These determinations are not subject to administrative review or judicial review in a habeas corpus petition. 8 U.S.C. § 1225(b)(1)(C);

4

*Nasrallah*, 590 U.S. at 580 ("[F]inal orders of removal may not be reviewed in district courts, even via habeas corpus . . . .") Therefore, Petitioner's Removal Order is a final order of removal, and he is not eligible to have good conduct credits applied to his sentence. *See Posligua v. Thompson*, No. 23-22337, 2024 WL 2818276, at *1 (D.N.J. May 31, 2024) (finding that the petitioner's expedited order of removal was final for purposes of his ineligibility to apply Act time credits).

### IV. CONCLUSION

For the reasons set forth above, the Petition (ECF No. 1) is **DISMISSED**. An appropriate Order follows.


**Date: March 21, 2025**                    */s/ Brian R. Martinotti*
                                            **HON. BRIAN R. MARTINOTTI**
                                            **UNITED STATES DISTRICT JUDGE**